**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 38653**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 338** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: January 31, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STEVEN ALLEN MCCABE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order revoking probation and reinstating previously suspended unified five-year sentence with one-year determinate term for possession of a controlled substance, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

PER CURIAM

Steven Allen McCabe pled guilty to possession of a controlled substance, I.C. § 37-2732(c)(1), and the district court imposed a unified five-year sentence with a one-year determinate term. The court suspended the sentence and placed McCabe on probation. Following numerous probation violations, McCabe's probation was subsequently revoked and the suspended sentence ordered into execution. McCabe filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. On appeal, McCabe does not challenge the district court's decision to revoke probation, but argues only that this sentence is excessive, that

1

the district court should have sua sponte reduced his sentence upon revocation of probation, and that the district court erred in denying his Rule 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

McCabe also asserts the district court erred in denying his Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, the district court did not err in denying McCabe's Rule 35 motion.

Therefore, the order revoking probation and directing execution of McCabe's previously suspended sentence and the order denying his Rule 35 motion are affirmed.